MEMORANDUM **
Alfonso Gonzalez-Castaneda appeals from the 77-month sentence imposed following his guilty-plea conviction for attempted reentry after deportation, in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
Gonzalez-Castaneda contends that his sentence is substantively unreasonable in *432 light of his reason for reentering, a change in the case law prior to sentencing, and the fact that defendants convicted of the same offense often receive lower sentences. We conclude that the sentence is reasonable in light of the totality of the circumstances. See Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 597-98, 169 L.Ed.2d 445 (2007). Gonzalez-Castaneda’s sentence was at the low-end of the sentencing guidelines; he has prior drug convictions and has been deported before; his reason for reentering the country is not compelling; and, his disparity contention lacks merit because Gonzalez-Castaneda is not similarly situated to criminal defendants who receive lower sentences for the conduct at issue here, because he rejected the government’s plea offer.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.